# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF WISCONSIN

ALEX MUNDY,

    Plaintiff,

v.                                                                                       Case No:

BOARD OF REGENTS FOR
THE UNIVERSITY OF WISCONSIN
SYSTEM,

    Defendant.

## COMPLAINT

NOW COMES the plaintiff, Alex Mundy, by Paul A. Kinne of Gingras, Thomsen & Wachs, who hereby submits the following:

### NATURE OF PROCEEDINGS

1. This case is being brought pursuant to the Rehabilitation Act, whereby the plaintiff alleges that the Board of Regents for the University Of Wisconsin System (the University) retaliated against the plaintiff by depriving her of educational opportunities on account of her making a complaint about disability discrimination related to her disability (anxiety and Attention Deficit Hyperactivity Disorder (ADHD)).

### JURISDICTION AND VENUE

2. The Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1331 because all claims arise under federal law.

3. Venue is proper under 28 U.S.C. § 1391 in that all of the acts alleged to have been committed by the defendants occurred within the Western District of Wisconsin.

## PARTIES

4. Plaintiff Alex Mundy (Mundy) is an adult resident of the State of Wisconsin, and at all times relevant hereto, has resided within the Western Judicial District of Wisconsin.

5. The defendant University is a public university organized and operated under the laws of the State of Wisconsin.

6. At all times relevant to this matter, the University employed Cameron Currie (Currie).

## FACTUAL BACKGROUND

7. On September 14, 2020, Mundy filed a complaint in the United States District Court for the Western District of Wisconsin. *Mundy v. Board of Regents*, 20 CV 847.

8. That complaint alleged that the University of Wisconsin, because of disability discrimination by Mundy's advisor and professor Currie, deprived her of a master's research degree in bacteriology.

9. A research degree, compared with a master's *coursework* degree, provided greater opportunities to Mundy professionally. However, a coursework degree also has value.

10. At the end of the 2019-2020 academic year, Mundy was eligible for a coursework degree that would have required Currie's approval of research credits.

11. In more than one email from June and July 2020 to his colleagues in the Department of Bacteriology, Currie indicated that Mundy was entitled to a coursework master's degree.

12. In fact, a coursework degree had been offered to Mundy in the summer, 2020, subject to Currie approving some credits, but Mundy turned down the offer because she felt she

was entitled to the research degree.

13. On or about January 13, 2022, the District Court granted the defendant's motion for summary judgment in 20 CV 847.

14. With the research degree definitively ruled out, shortly after summary judgment was entered, Mundy reached out to the Department of Bacteriology seeking her coursework degree based on assertions from the defendant that she was already entitled to it.

15. The Department, and Currie in particular, refused to grant Mundy the degree that in June and July 2020, Currie had indicated Mundy had already earned. Instead of granting her the degree, the Department indicated that Mundy would have to satisfy additional requirements.

16. The additional requirements would cost Mundy money and time and would entail risks of not obtaining the degree that were not present in 2020.

17. The only reason Mundy is being deprived of a coursework degree is because she brought case number 20 CV 847 accusing Currie of discriminating against her.

18. The University of Wisconsin / The Board of Regents accepts federal money, making it subject to the Rehabilitation Act.

### MUNDY'S FIRST CAUSE OF ACTION AGAINST THE UNIVERSITY - VIOLATION OF THE REHABILITATION ACT

19. Plaintiff Mundy restates the previous paragraphs as if set forth fully herein.

20. By engaging in the conduct described above, the defendant violated Mundy's rights by retaliating against her for bringing a claim against it under the Rehabilitation Act.

21. The University intentionally excluded Mundy from educational opportunities because of her complaint about disability discrimination.

22. This retaliation has caused Mundy severe and permanent economic and emotional injuries.

WHEREFORE, the plaintiff requests a trial by jury along with the following relief:

A. Unspecified compensatory damages;

B. Any injunctive relief that the Court may deem just and proper to award, in particular an award of the coursework degree;

C. An award of Plaintiffs' reasonable attorneys' fees and costs incurred in this action;

D. Pre- and post-judgment interest; and

E. Any other such relief as the Court may deem appropriate.

## JURY DEMAND

The plaintiff respectfully requests that this matter be tried before a jury of six (6) competent persons.

Dated this 30th day of September, 2022.

**GINGRAS THOMSEN & WACHS LLP**
Attorneys for Plaintiff

s/ Paul A. Kinne
Paul A. Kinne
State Bar Number: 1021493

8150 Excelsior Drive
Madison, WI 53717
Phone: (608) 833-2632
Fax: (608) 833-2874
Email: kinne@gtwlawyers.com