IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

ALEX MUNDY,

                Plaintiff,

v.                                           OPINION and ORDER

BOARD OF REGENTS FOR THE                       22-cv-561-jdp
UNIVERSITY OF WISCONSIN SYSTEM,

                Defendant.

---

       This is the second lawsuit that plaintiff Alex Mundy has brought against the Board of Regents of the University of Wisconsin System about her attempt to earn a master's degree in bacteriology. In her first lawsuit, Mundy alleged that her faculty mentor, Dr. Cameron Currie, discriminated against her because of her anxiety disorder. This court granted summary judgment to the Board of Regents, concluding that Currie had not discriminated against Mundy. *Mundy v. Bd. of Regents for Univ. of Wisconsin Sys.*, No. 20-CV-847, 2022 WL 103562 (W.D. Wis. Jan. 11, 2022). In this case, Mundy alleges that Currie and the department of bacteriology now refuse to award her a master's degree because of her earlier lawsuit. She asserts a claim for retaliation under the Rehabilitation Act.

       The Board of Regents moves for summary judgment, contending that Currie and the bacteriology department had non-retaliatory reasons for denying Mundy a master's degree. Dkt. 12. Although the evidence shows that Mundy did not meet the requirements for the degree, there is also evidence that Currie and the bacteriology department were willing to compromise their standards and award her the degree before she filed the first lawsuit. Because a reasonable jury could find that the university and Currie have retaliated against Mundy because of the first lawsuit, the Board of Regents' motion must be denied.

UNDISPUTED FACTS

The following facts are not genuinely disputed, except where noted. Additional facts will be discussed where they are relevant to the analysis section.

In June 2018, Alex Mundy enrolled in the graduate program of the Department of Bacteriology at the University of Wisconsin—Madison to pursue a Master of Science degree. The bacteriology program offers two tracks for the master's degree: one based on research and the other based primarily on coursework. The coursework track requires primarily graduate-level classes, allowing a limited number of research credits to count toward the degree. The research track requires some coursework, but the main requirement is a thesis based on about two years of paid research work in a faculty mentor's lab, for which the student also receives academic credit.

Mundy enrolled in the research track with Professor Cameron Currie as her faculty mentor. By June 2020, Currie had decided that he would not allow Mundy to remain in his lab as a research assistant because of her failure to make progress on her thesis and to perform work in his lab. This court's opinion in Mundy's prior case describes her academic difficulties in detail. *See Mundy*, No. 20-CV-847, 2022 WL 103562, at *1–5. A summary is sufficient here, picking up at the point where Currie was no longer willing to employ Mundy as a research assistant.

On June 3, 2020, Currie emailed the bacteriology department's graduate program coordinator, Katy France, to express his concern that Mundy was not going to earn her bacteriology master's degree on the research track and to ask whether Mundy could graduate on the coursework track. France responded that Mundy could graduate on the coursework track if she received passing grades for certain in-progress research credits, which were earned

for time spent doing independent research in Currie's lab. The next day, Currie reached out to the co-directors of the bacteriology program, Dr. Charles Kaspar and Dr. Tim Paustian, about Mundy's future in the master's degree program. Currie informed them that he did not want to reappoint Mundy as a research assistant and proposed that Mundy switch to the coursework track master's degree. Kaspar responded, "I am okay with it," Dkt. 18-4, and Paustian responded, "I can help Alex any way she needs." Dkt. 18-5.

About the same time that Currie decided to terminate Mundy, Mundy filed a formal grievance about Currie's shortcomings as an advisor. On July 3, 2020, Kaspar sent Mundy a letter that said an academic grievance committee had reviewed her complaint against Currie and found no evidence to support her complaint. Kaspar's letter also said, "A potential equitable solution is a coursework M.S. degree that would require approval of research credits by Professor Currie." Dkt. 19-1. Mundy did not pursue that option in 2020 because she wanted the research track degree.

Mundy sued the Board of Regents in September 2020, asserting claims under the Americans with Disabilities Act and the Rehabilitation Act based on allegations that Currie discriminated against her because of her mental health conditions. The court concluded at summary judgment that, although Currie had his shortcomings as an adviser, Mundy had failed to adduce evidence that Currie had discriminated against her based on a disability or that the university failed to accommodate her disability. This court granted summary judgment to the Board of Regents on January 11, 2022.

About a month after the court's decision, Mundy emailed the bacteriology program's email account, copying Kaspar and Paustian, to request the coursework master's degree. Mundy's email said, "I will accept the Master in Bacteriology – coursework degree. I am

3

expecting my degree to be awarded immediately, with the graduation date listed as August, 2020. If you have any questions, follow up with Chuck [Kaspar] or Tim [Paustian]." Dkt. 20-2, at 3. Paustian forwarded the email to the university's Office of Legal Affairs, which asked Currie whether Mundy had completed the research credits that were still recorded as in progress. Currie responded that she did not. Legal Affairs also asked the program coordinator of the bacteriology department, Jennifer Heinritz, to assess whether Mundy qualified for the master's degree on the coursework track. Heinritz had replaced France as the program coordinator in January 2021 and did not know anything about Mundy. Heinritz reviewed Mundy's transcript and concluded that she did not meet the minimum requirements. The bacteriology department declined Mundy's request for the coursework track master's degree. This lawsuit followed.

ANALYSIS

Mundy contends that Currie and the bacteriology department retaliated against her for filing her disability discrimination lawsuit by refusing to award her the master's degree through the coursework track, in violation of the Rehabilitation Act.

A.  **Legal standard for Mundy's retaliation claim**

To establish a retaliation claim, Mundy must show that (1) she engaged in protected conduct, (2) she suffered an adverse action by a program that receives federal funding, and (3) there is a causal link between her protected conduct and the adverse action. *Fuller v. McDonough*, 84 F.4th 686, 690 (7th Cir. 2023); *Novak v. Bd. Of Trs. Of S. Ill. Univ.*, 777 F.3d 966, 974 (7th Cir. 2015). The only element in dispute is causation.

To prove causation, a plaintiff must provide evidence that "her protected activity was a but-for cause of the alleged adverse action by the [defendant]." *Univ. of Texas Sw. Med. Ctr. V.*

4

*Nassar*, 570 U.S. 338, 362 (2013).[1] "The key question is whether a reasonable juror could conclude that there was a causal link between the protected activity . . . and the adverse action." *Rozumalski v. W.F. Baird & Assocs., Ltd.*, 937 F.3d 919, 924 (7th Cir. 2019).

Mundy contends that causation is easily established because, before she filed her lawsuit, the bacteriology department offered her the same degree that it refused to give her after her lawsuit. In summer 2020, the department had proposed the coursework track degree as a "potential equitable solution" to her conflict with Currie, subject to Currie's approval of her research credits. Mundy asserts that the lawsuit had to be the reason that she was denied the degree because it was the only intervening event between summer 2020 and the refusal of her request for the degree in February 2022. The Board of Regents contends that the bacteriology department had not actually offered Mundy the coursework-track degree, and that she did not meet the requirements for the coursework-track degree.

It's undisputed that Mundy did not meet the requirements of the coursework track. For Mundy to have earned the degree in summer 2020, Currie would have needed to approve her research credits and the bacteriology department would have needed to make exceptions to the normal requirements of the coursework track. So, to survive summary judgment, Mundy must adduce evidence from which a reasonable jury could conclude that, if not for the first lawsuit, Currie would have approved her research credits and the bacteriology department would have made exceptions to its usual requirements. The court will address each of these in turn.

---

[1] *Nassar* involved a Title VII retaliation claim but is applicable to this case because the Seventh Circuit analyzes retaliation claims under the Rehabilitation Act using the same framework as Title VII retaliation claims. *Burks v. Wisconsin Dep't of Transp.*, 464 F.3d 744, 758 n.16 (7th Cir. 2006).

B.  **Research credits**

The parties agree that in June 2020 Currie was willing to approve her outstanding research credits so that she could graduate with the bacteriology master's degree through the coursework track. Dkt. 34, ¶ 55. But in 2022, when Legal Affairs asked Currie if Mundy had completed the outstanding research credits after her lawsuit, he declined to approve them.

The Board of Regents does not contend that Mundy's lawsuit was wholly irrelevant to Currie's decision not to approve Mundy's research credits. Instead, the Board of Regents asserts that Currie was fully informed about Mundy's lack of progress on her research only through discovery in the lawsuit. Only then, fully informed, did he decide that Mundy did not deserve credit for her in-progress research credits.

It is conceivable that discovery in Mundy's first lawsuit could have yielded new information showing that she did not earn the research credits. The Rehabilitation Act protects Mundy from retaliation for filing her lawsuit; it does not immunize her from the consequences of prior conduct that is revealed through her lawsuit. *Cf. Hatmaker v. Mem'l Med. Ctr.*, 619 F.3d 741, 745 (7th Cir. 2010) (holding that participating in an investigation of discrimination "doesn't insulate an employee from being discharged for conduct that, if it occurred outside an investigation, would warrant termination"). But that's not what happened here.

Currie identifies only one piece of information that he learned from discovery in Mundy's first lawsuit: that Mundy did not have a second lab notebook, resolving Currie's doubt in summer 2020 about a potential second notebook. Dkt. 18 (Currie Dep. 19:1–9). But this only confirmed what Currie already believed about Mundy's lack of progress on her research. In June 2020, Currie told Paustian that it was a "quantifiable fact that Alex has done almost nothing in the lab over her two years in my group," based on her key card records showing her

6

poor attendance and her empty lab notebook. Dkt. 18-5, at 2. In 2020, Currie had no evidence that Mundy had done any work that would have earned her research credits, and yet he was still willing to approve them. A reasonable jury could find that in 2022, Currie changed his mind in retaliation for Mundy's filing her first lawsuit.

**C. Minimum requirements**

Even if Currie had approved Mundy's research credits, the bacteriology department would have had to give Mundy two exceptions to the normal requirements of the coursework track for her to receive the master's degree. The parties agree that, when the university refused Mundy's 2022 request for a master's degree, it did so based on a strict application of the requirements of the coursework track. The parties also agree that the department has the discretion to waive its requirements, although there is no evidence that Legal Affairs inquired about the scope of that discretion in its inquiry to Heinritz, the department program coordinator in February 2022. So the issue is whether the department was willing to grant Mundy the exceptions in 2020.

The Board of Regents contends that in 2020 the department didn't complete the necessary vetting, because Kaspar and Paustian, the co-directors of the program who would have needed to approve the exceptions, did not review Mundy's transcript in 2020 to assess whether she met the requirements for the coursework track. So, the argument goes, Kaspar and Paustian did not actually grant Mundy the needed exceptions in summer 2020. Dkt. 19 (Kaspar Dep. 30:16–31:2); Dkt. 20 (Paustian Dep. 16:21–24, 23:18–21).

But in 2020, both Kaspar and Paustian expressly supported Currie's proposal that Mundy receive the degree through the coursework track when Curry raised that as a possibility. Dkt. 18-4; Dkt. 18-5. And there is no evidence that either Kaspar or Paustian ever waivered in

7

their support for the proposal before Mundy filed her lawsuit, even though Paustian reviewed Mundy's transcript as part of the academic grievance committee meeting, to assess the possibility of her receiving the degree through the coursework track. Dkt. 20 (Paustian Dep. 22:14–23:15).

The Board of Regents contends that Paustian would not have approved an exception for Mundy to count more than nine research credits for her degree if he had specifically considered it because the department does not allow exceptions to that particular requirement. But presumably Paustian was aware of that requirement in 2020 when he reviewed Mundy's transcript for the academic grievance committee meeting. He did not object then to offering the coursework track as a potential equitable solution after Currie suggested it.

In evaluating the Board of Regents' motion, the court must view the facts and draw all reasonable inferences in Mundy's favor. A reasonable jury could conclude that, before Mundy filed her lawsuit, Kaspar and Paustian—the decisionmakers for the bacteriology department—were willing to compromise the usual standards and award Mundy a master's degree.

CONCLUSION

The evidence is clear now, as it was in 2020, that Mundy did not actually do the work to earn academic credit for her time in Currie's lab. Without that credit, she would fall far short of the requirements of the coursework degree. But, in 2020, Currie and his colleagues appeared willing to give Mundy a break so that she could leave the program with a master's degree. A reasonable jury could find that Currie retracted his earlier generosity because of Mundy's lawsuit. Or a reasonable jury might find that Currie had, belatedly, taken a stand for academic

integrity. The choice between these views of the evidence is for the jury. The Board of Regents' motion for summary judgment must be denied.

ORDER

IT IS ORDERED that defendant's motion for summary judgment, Dkt. 12, is DENIED.

Entered March 19, 2024.

                BY THE COURT:

                /s/

                _____
                JAMES D. PETERSON
                District Judge